[No. C005181. Third Dist. Dec. 18, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL EUGENE BEEBE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

## COUNSEL

Richard L. Turner, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gary A. Binkerd, Joel Carey and Thomas Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SCOTLAND, J.—During the summer of 1984, defendant and his wife lived with their four-year-old daughter. One day that summer, while defendant was lying naked on the living room couch, he made his daughter rub lotion up and down on his penis and instructed her not to tell her mother.[1]

Charged by information with one count of violating Penal Code section 288, subdivision (a), defendant initially pled not guilty. (All code references are to the Penal Code.) Then, on the day of trial, he entered a negotiated plea of no contest. Pursuant to the plea, defendant would receive a maximum of 120 days in jail if incarcerated, and the conviction would be reduced to a violation of section 647a (now § 647.6)[2] (child molestation), a misdemeanor, if he successfully completed probation.

After a probation report and psychiatrist's report were filed, defendant moved to withdraw his plea. The motion was supported by defendant's

---

[1] These facts are taken from the preliminary hearing transcript.

[2] Former section 647a was renumbered effective January 1, 1988. (Stats. 1987, ch. 1418, § 4.3.)

declaration stating: "[W]hen I entered my [no contest plea], I understood that I had no choice as my attorney told me I would lose if I went to trial. [¶] I now beleive [*sic*] that I could prevail if this matter went to trial. [¶] I now have found out that I would have to register as a sex offender where ever [*sic*] I go even after I complete probation. [¶] If I had known that I would have to register as a sex offender even after I completed probation, I would not have entered a plea to the charge. [¶] If I had known I had a chance to be found not guilty after trial I would have not pleaded guilty . . . ."

The motion was denied, and defendant was sentenced in accordance with the terms of the negotiated plea.

Having obtained a certificate of probable cause, defendant contends that the trial court erred in denying his motion to withdraw the plea. Defendant argues he was entitled to set aside his plea because the court (1) exceeded its jurisdiction in accepting the plea; (2) led defendant to believe that he would have to register as a sex offender pursuant to section 290 only while he was on probation; and (3) failed to determine that there was a factual basis for the plea.

In the published portion of this opinion, we conclude that a trial court lacks statutory authority to accept a negotiated plea which would "reduce" a "straight felony" (i.e., a felony not alternatively punishable by a fine or imprisonment in county jail) to a misdemeanor upon successful completion of probation. Accordingly, the trial court exceeded its jurisdiction in approving defendant's plea. However, we hold that defendant is estopped from withdrawing the plea. In the unpublished portion of this opinion, we reject defendant's other contentions.

## DISCUSSION

### I

█ Defendant contends that the trial court exceeded its jurisdiction when it approved a negotiated plea which provides that defendant's felony conviction for violating section 288, subdivision (a), will be "reduced to a misdemeanor 647a after successful completion of probation."

Asserting that section 288, subdivision (a), is a "straight felony" which cannot be reduced to a misdemeanor by operation of section 17, defendant argues that he should have been permitted to withdraw his plea because the trial court lacked authority to accept the plea. Citing *People* v. *West* (1970)

3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409], he claims that the trial court could "accept only a plea to the charged offense."

Defendant misreads *West,* which holds that "the court, in accepting a knowing and voluntary plea of guilty or nolo contendere, is *not* limited in its jurisdiction to the offenses charged or necessarily included in those charged." (3 Cal.3d at p. 613, fn. omitted, italics added.)

Nevertheless, for other reasons discussed below, we find that the trial court exceeded its jurisdiction in approving the plea.

Negotiated pleas are governed by statute. Section 1192.5, with exceptions not applicable here, provides: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony, . . . the plea may specify the punishment to the same extent as it may be specified by the jury on a plea of not guilty or fixed by the court on a plea of guilty, nolo contendere, or not guilty, *and may specify the exercise by the court thereafter of other powers legally available to it.*" (Italics added.)

The power of the court to reduce a felony to a misdemeanor is governed by section 17. Under subdivision (b) of that section, the court may reduce the felony offense "[w]hen a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, . . ." At the time of defendant's offense, violation of section 288, subdivision (a), was punishable "in the state prison for a term of three, six, or eight years." Since the offense was not alternately punishable by a fine or imprisonment in the county jail, the trial court had no power to authorize the future reduction of this felony to a misdemeanor under section 17. Stated another way, the plea condition allowing for the reduction of defendant's felony conviction to a misdemeanor upon successful completion of probation specified a power not legally available to the trial court for inclusion in the negotiated plea.

It could be argued that although the trial court stated defendant's conviction is to be "reduced," this "reduction" will not be effected under section 17, subdivision (b); rather, the plea will entitle defendant, upon successful completion of his probation, to withdraw his no contest plea to violation of section 288, subdivision (a), and enter a new plea of no contest to violation of section 647a (now § 647.6), a misdemeanor. Yet, this result also is not authorized by statute.

The power of a court to permit the withdrawal of a plea after the successful completion of probation is governed by section 1203.4, subdivision (a). This statute provides in relevant part: "In any case in which a defendant has

fulfilled the conditions of probation for the entire period of probation, . . . the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, . . . however, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed . . . ." Simply stated, section 1203.4 permits the withdrawal of a plea of no contest, the entry of a not guilty plea in its place and then a dismissal of the accusatory pleading. It does not, however, permit the withdrawal of defendant's felony plea and the entry of a no contest plea to a different crime without any dismissal.

In sum, the trial court lacked authority to approve defendant's negotiated plea which would reduce his "straight felony" conviction for violation of section 288, subdivision (a), to a misdemeanor conviction for violation of section 647a upon successful completion of probation. Since this plea condition conflicts with sections 17, 1192.5 and 1203.4, it cannot be accepted as part of a negotiated plea.

■ Although defendant's plea agreement exceeded the trial court's jurisdiction, we hold that defendant is estopped from withdrawing his plea. Thus, the trial court did not err in denying defendant's motion to withdraw the plea.

It is clear that the trial court's error in approving defendant's plea is premised on an excess of jurisdiction, not on the lack of fundamental jurisdiction. (*People v. Ellis* (1987) 195 Cal.App.3d 334, 343 [240 Cal.Rptr. 708]; see *In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625]; *People v. Jones* (1989) 210 Cal.App.3d 124, 134-137 [258 Cal.Rptr. 294].) ■ "When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.'" (*In re Griffin, supra,* at pp.

347-348; see *People* v. *Jones, supra,* at p. 136; *People* v. *Ellis, supra,* at p. 343.)

■■■ Other than his desire to withdraw the plea because he now thinks he can obtain an acquittal if this case goes to trial, the irregularity of which defendant complains does not prejudice him at all. To the contrary, it is beneficial to him. Under the plea agreement, if defendant successfully completes his probation, he will avoid being adjudicated a felon and will suffer only the consequences of a misdemeanor conviction. Thus, aside from his goal of avoiding a criminal conviction altogether, defendant's interest in remedying the irregularity is nonexistent. (*Ibid.*)

■■■ On the other hand, "the law . . . has a strong interest in seeing to it that defendants do not unfairly manipulate the system to obtain punishment far less than that called for by the statutes applicable to their conduct." (*People* v. *Ellis, supra,* 195 Cal.App.3d at p. 345.) ■■■ This public policy is not violated by defendant's plea agreement. In negotiating his plea, the defendant did not manipulate the system to avoid punishment. Here, the district attorney, with whom the charging authority resides, agreed to a day-of-trial plea which is reasonably related to defendant's conduct and did not unreasonably result in punishment less than that called for by statutes which govern the conduct in question. At the outset, the prosecution could have chosen to charge defendant's crime as a misdemeanor violation of section 647a. Moreover, even after charging defendant with a felony violation of section 288, subdivision (a), the prosecution could have agreed to, and the trial court could have accepted, a plea to a misdemeanor violation of section 647a provided the plea complied with section 1192.7, which prohibits plea bargaining in any case charging a serious felony, such as the commission of a lewd or lascivious act on a child under the age of 14, unless there is insufficient evidence to prove the People's case, the testimony of a material witness cannot be obtained, or a reduction would not result in a substantial change in sentence. (*People* v. *West, supra,* 3 Cal.3d at pp. 611-614.)

Moreover, we can think of several public policy considerations which support this plea agreement. The prosecution may have entered into the plea to spare the young victim from trauma associated with testifying at trial, particularly since defendant is her father and the probation report indicates that the incident caused much emotional turmoil for the girl and her family. According to the probation report, "The scars to the victim were at least significant enough that they required six months of counseling before the child could more freely talk about the incident and feel that she was all right." In view of the isolated nature of the incident and defendant's lack of criminal record, the prosecution reasonably could have concluded

that the cost of achieving a felony conviction for violation of section 288, subdivision (a), without later reduction to a misdemeanor was too great in terms of additional psychological damage to the victim to warrant going to trial.

The prosecution also may have entered into the plea agreement due to a concern over the difficulty the People might have faced in obtaining a conviction at trial. This matter involved the credibility of a young girl versus that of her father concerning an incident which occurred in 1984 when the victim was four years old. As could be expected, the preliminary hearing transcript reflects that her memory of the incident was not vivid in detail. In addition, although the police report indicates that the offense took place when the victim's mother was at work, the probation report and psychiatric report show that the mother apparently sided with defendant and claimed she was present at home when the incident occurred. According to these reports, the mother could have presented testimony to support defendant's claim that, although the victim had touched him on his penis, he had not told her to do so and, in fact, scolded her for touching him there.[3] In the interest of public safety, the prosecution reasonably may have decided that it was better to secure a conviction by this plea rather than take the chance of a mistrial or acquittal. A mistrial or acquittal would have left the public unprotected. On the other hand, by obtaining this plea the prosecution could hold defendant accountable for the conduct in question and protect public safety by ensuring that defendant would (1) have to undergo supervision and direction of the probation office, which could include counseling in hopes of avoiding similar conduct in the future; (2) have a felony conviction and state prison term hanging over his head if he failed to comply with the directives of the probation office; (3) have a child molest conviction on his record, which might deter him from engaging in future criminal misconduct; and (4) be required to register as a sex offender thereby alerting law enforcement to his presence in the community.

In addition, considering defendant's lack of criminal record and the nature of the offense, the prosecution reasonably could have concluded that

[3] Defendant's explanation of the episode is contained in the psychiatrist's report. "He and his wife had gone nude sunbathing. (According to both him and his wife, this was the first time they had done this.) They had fallen asleep at the river near a hill. They came home later in the afternoon. He related he was extremely sunburned particularly on his front side. He lay on the couch with his head on a pillow. His wife had put wet towels on him to try to 'draw the heat.' She had also put some lotion on him. She was putting it on his legs. His daughter, . . . who was then four, came in and asked to help. He was entirely naked. Both his daughter and his wife applied some lotion. He said, 'My wife put the lotion on my "private area".' He reacted because it was so painful. At this time his wife went to the kitchen for some water. He was upset. At the same time, his daughter touched him in the same area. He explained to her that that was bad and that no one should touch her there nor should she touch anyone else there. He then told her to go out and play. At this point his wife returned. He said that he thought his wife was gone maybe 20 to 30 seconds."

the plea agreement would not result in a substantial change in sentence had the case gone to trial, and that the plea was the most just disposition for defendant, the victim and the family. Under the negotiated plea, defendant will be punished for his conduct by incarceration in county jail. Yet, if defendant successfully completes probation, he will be able to avoid a felony record and prison sentence. At the same time, by securing a felony conviction for the period of probation, the prosecution has fostered the strong public policy of encouraging defendant to successfully complete his probation and avoid recidivism.

In *Ellis* we noted another strong public interest which is implicated when a defendant seeks to set aside a plea bargain at a late date and to have the matter set for trial. (*People* v. *Ellis, supra,* 195 Cal.App.3d at p. 345, fn. 4.) In that event, the passage of time often will make it more difficult for the People to prove the criminal conduct at issue. (*Ibid.*) This case, in which the relevant events occurred over five years ago in the summer of 1984 when the crucial witness was four years old, exemplifies what we had in mind in *Ellis.*

In balancing the interests discussed above, we hold that public policy dictates against permitting defendant to withdraw his plea. Defendant had his opportunity to contest the charge. Yet, on the day of trial, he negotiated a plea which resulted in significant benefit to him. His only valid interest in withdrawing his plea stems from his belief that he may be found not guilty because of the difficulty of proving this case at trial, in part due to delay resulting from defendant's action. In this circumstance, we comfortably can say that defendant is merely "trifling with the courts." (*In re Griffin, supra,* 67 Cal.2d at p. 348; *People* v. *Jones, supra,* 210 Cal.App.3d at p. 136; *People* v. *Ellis, supra,* 195 Cal.App.3d at p. 345.) Accordingly, defendant is estopped from avoiding the plea agreement which he voluntarily accepted on the day of trial. (*Ibid.*)

Our application of the principle of estoppel does not mean that we condone the disregard of controlling statutes to fashion a plea which exceeds the court's jurisdiction. "The diverse statutes comprising the criminal law are there for a reason; they are not like tools above a workbench to be selected [or ignored] by the parties to a criminal case according to their utility in getting rid of pending cases . . . ." (*People* v. *Ellis, supra,* 195 Cal.App.3d at p. 345.) While estoppel is appropriate under the particular facts of this case, appellate courts cannot be expected to apply this doctrine in every case in which the defendant voluntarily agrees to accept a plea which exceeds the court's jurisdiction.

II, III*

. . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed. If defendant successfully completes probation, he shall be permitted to withdraw his no contest plea to violation of section 288, subdivision (a), and enter a new plea of no contest to violation of section 647.6, a misdemeanor.

Evans, Acting P. J., and Sparks, J., concurred.

---

* See footnote, *ante,* page 927.