990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Adalberto CIWENSA-SALGUERO, aka Corre Caminos,
Defendant-Appellant.
 Nos. 89-50694, 89-50696.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided April 2, 1993.
 
 Appeal from the United States District Court Central District of California; No. CR-89-0152-WDK-1, William D. Keller, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Jesus Adalberto Ciwensa-Salguero ("Salguero") appeals his conviction and sentence for eleven counterfeiting and narcotics violations. He challenges the conviction on the ground that the district court improperly denied his motion for substitution of counsel. He challenges the sentence on the ground that the district court improperly treated a prior state conviction as a felony and not a misdemeanor. We reject both challenges and affirm the conviction and sentence.
 
 
 3
 * On February 28, 1989, Salguero was indicted on four violations of 18 U.S.C. § 1028(a)(2) (transferral of counterfeit identification documents) and four violations of 18 U.S.C. § 1546(a) (possession of counterfeit alien registration cards). The same day, he was indicted on two violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute approximately three grams of cocaine base and possession with intent to distribute approximately sixty-one grams of cocaine base within 1000 feet of school property). This indictment was subsequently superseded and a third violation of 21 U.S.C. § 841(a)(1) was added on April 18, 1989.
 
 
 4
 On April 11, 1989, Salguero moved to have new counsel appointed. The court continued the hearing on the motion to the following day to allow the parties to brief the issue. After a further hearing on April 12, the court denied the motion.
 
 
 5
 On April 25, 1989, the government filed an information alleging that on March 25, 1987, Salguero had been convicted, under the name Ramon Fuentes, of the crime of possession for sale and purchase for sale of a controlled substance in violation of Cal.Health & Safety Code § 11351. Salguero subsequently stipulated to this prior conviction.
 
 
 6
 Salguero was tried on April 27, 1989 and found guilty on all counts on April 28, 1989. He was sentenced to 60 months' imprisonment on the counterfeiting counts and 240 months' imprisonment on the narcotics counts, the two sentences to be served concurrently. He appeals both the conviction and the sentence.
 
 II
 
 7
 We review a trial court's denial of a motion for substitution of counsel for abuse of discretion. United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 (9th Cir.1991). "We consider three factors 'when reviewing the denial of a motion to substitute counsel: (1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense.' " United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990) (quoting United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir.1985), cert. denied, 112 S.Ct. 452 (1991)).
 
 
 8
 An important factor in deciding whether a substitution motion is timely is whether granting it would require delaying the trial. See Walker, 915 F.2d at 482 (" 'It is within the trial judge's discretion to deny a motion to substitute made during or on the eve of trial if the substitution would require a continuance.' ") (quoting United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986)). It is unclear whether granting Salguero's motion would have required continuing his trial. Even if no continuance would have been required, however, we affirm the district court's denial because its inquiry was adequate and Salguero has not substantiated the alleged failure to communicate with any evidence.
 
 
 9
 The district court's inquiry into Salguero's complaint was fairly extensive. The court directed the parties to brief the issue because the length of the potential sentence made it "very important that the Court determine whether, indeed, he has the right to discharge his attorney." Furthermore, the court questioned both Salguero and his attorney extensively about the reasons for the motion, repeatedly asking them to elaborate on Salguero's complaints about the quality of the representation and the problems in communication. The inquiry was significantly more extensive than those we have held to be sufficient. See, e.g., McClendon, 782 F.2d at 786; Hudson v. Rushen, 686 F.2d 826, 831 (9th Cir.1982), cert. denied, 461 U.S. 916 (1983).
 
 
 10
 Finally, the conflict between Salguero and his attorney did not appear to be so great "that it resulted in a total lack of communication preventing an adequate defense." Walker, 915 F.2d at 482. Neither Salguero nor his attorney have provided any specific examples of the alleged failure to communicate. The district court found the real problem to be that Salguero didn't like the message his attorney was giving him about his prospects. "[A] pessimistic prognosis by counsel is not a ground for change of counsel." Rogers, 769 F.2d at 1424. Thus, we hold that the district court did not abuse its discretion by denying Salguero's motion for substitution of counsel.
 
 III
 
 11
 The legality of a sentence is reviewed de novo. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). Because the procedure used by the California court to impose the conviction and subsequent sentence are important to the outcome of this appeal, we will review the sequence of events in some detail.
 
 
 12
 On January 23, 1987, the District Attorney for the County of Los Angeles filed an information charging Salguero (then known as "Ramon Fuentes") with one count of violating Cal.Health & Safety Code § 11351, which proscribes the possession or purchase for sale of controlled substances (in this case, codeine). On March 4, Salguero pleaded guilty to this violation, and on March 25, the Superior Court of California, pursuant to the plea, suspended the imposition of sentence and placed him on 3 years' probation. The court also fined him $50 and ordered him to pay restitution of $100.
 
 
 13
 Immediately prior to trial in this case, Salguero and his attorney signed a stipulation that "[o]n or about March 25, 1987, ... defendant was convicted of the felony crime of possession for sale and purchase for sale of a controlled substance, to wit, codeine, in violation of California Health and Safety Code § 11351." The district court treated this conviction as a "felony drug offense" for the purposes of 21 U.S.C. § 841(b)(1)(A) (1988). Under this statute, a "felony drug offense" is an offense that is a "felony under any law of a State." Id. Under California law, "[a] felony is a crime which is punishable with death or by imprisonment in the state prison." Cal.Penal Code § 17(a) (1988 & West Supp.1993). A violation of Cal.Health & Safety Code § 11351 is "punish[able] by imprisonment in the state prison for two, three, or four years." Cal.Health & Safety Code § 11351 (West 1991). According to the plain language of Cal.Penal Code § 17(a), then, such a violation is a felony. See also Meyer v. Superior Court, 55 Cal.Rptr. 350, 354 (Cal.App.1966) ("If the statute calls for imprisonment in the state prison the offense is a felony."). Thus, the district court did not err in treating the conviction as a "felony drug offense."
 
 
 14
 Salguero argues that because he was only placed on probation, and was not sentenced to a prison term, the conviction should only be treated as a misdemeanor. He argues that because he "negotiated for a misdemeanor disposition and received a misdemeanor disposition" pursuant to People v. West, 477 P.2d 409 (1970), this "bargain" should not be "undone" by treating the conviction as a felony.
 
 
 15
 We reject Salguero's argument based on our decision in United States v. Robinson, 967 F.2d 287 (9th Cir.1992), a case nearly identical in this one respect to Salguero's. The Robinson defendant had been convicted in 1980 of battery on a police officer, punishable at the time by imprisonment in the county jail or in the state prison. Id. at 292. The sentencing court suspended the imposition of a sentence and placed the defendant on three years' probation. Id. In 1990, the defendant was convicted in federal district court of three drug and firearm offenses, and the district court treated the battery offense as a felony conviction in determining whether the defendant was a career offender under U.S.S.G. § 4B1.1. Id.
 
 
 16
 Because the state battery statute provided for either up to one year in jail (a misdemeanor punishment) or 16-36 months in state prison (a felony punishment), the offense was a misdemeanor if the judgment imposed punishment other than a prison term or if the court granted probation without imposing sentence and declared the offense to be a misdemeanor. Id. at 293 (citing Cal.Penal Code § 17(b)(1) and (3)). Because the probation order was not a "judgment," the first option was not available; because the sentencing court never declared the offense to be a misdemeanor, neither was the second. We therefore affirmed the district court's holding that the battery conviction was a felony. Id.
 
 
 17
 The argument for affirming the district court's holding here is even stronger than it was in Robinson. Here, had the California drug statute provided for either jail time or a prison term, we would affirm based directly on Robinson because (a) the sentencing court's probation order and suspended sentence was not a "judgment" and (b) the sentencing court never declared the offense to be a misdemeanor. However, the state drug statute here provided only for a prison term; there was no option for reduction to a misdemeanor pursuant to Cal.Penal Code § 17(b)(1) or (3). Because we declined to treat the Robinson prior conviction as a misdemeanor, when Cal.Penal Code § 17(b) provided for such alternative treatment if certain conditions were met, we must decline to treat Salguero's prior conviction as a misdemeanor, when there is no such statutory option.
 
 
 18
 Salguero's argument that his conviction should be viewed differently because it resulted from a "People v. West plea" is unavailing. First, we think that the California court may have erred in terming the plea a "People v. West plea." West held only that a California trial court, "in accepting a knowing and voluntary plea of guilty or nolo contendere, is not limited in its jurisdiction to the offenses charged or necessarily included in those charged," provided that "the lesser offense ... be one reasonably related to defendant's conduct." West, 477 P.2d at 420 (quotation omitted). Here, however, Salguero pleaded guilty to the same offense that he was charged with: one count of violating Cal.Health & Safety Code § 11351. The plea was thus not a West plea entitling Salguero to have the conviction treated as a misdemeanor, because he did not plead guilty to a lesser related misdemeanor offense. Furthermore, any effort by the sentencing court to reduce the felony conviction to misdemeanor status following successful completion of probation would have been contrary to California law. See People v. Beebe, 265 Cal.Rptr. 242, 244 (Cal.App.1989) (sentencing court has no power to reduce a straight felony offense to a misdemeanor upon successful completion of probation). Thus, we reject Salguero's People v. West argument.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3