Filed 7/23/15  P. v. Evans CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075260 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F04607) |
| v. | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| DEVRON EVANS, | |
| Defendant and Appellant. | [CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the nonpublished opinion filed herein on June 29, 2015, be modified as follows:

1.      On page 9, delete the last sentence of part II., which reads, "Since the fee and assessment are subject to various penalties and assessments that are particular to each

county, we shall remand for the trial court to impose them." and replace it with the following:

> Since the fee and assessment apply to each felony conviction, we shall modify the judgment to reflect imposition of an $80 court security fee and a $60 court facilities assessment.

2.      Also on page 9, delete the first sentence of the Disposition, which reads, "The case is remanded for the trial court to impose the court security fee (Pen. Code, § 1465.8) and court facilities assessment (Gov. Code, § 70373) and all required penalties, fees, and assessments." and replace it with the following:

> The judgment is modified to reflect imposition of an $80 court security fee (Pen. Code, § 1465.8) and a $60 court facilities assessment (Gov. Code, § 70373).

This modification effects a change in the judgment.  Appellant's petition for rehearing is denied.


BY THE COURT:



       RAYE       , P. J.



       BUTZ       , J.



       RENNER       , J.

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075260 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F04607) |
| v. | |
| DEVRON EVANS, | |
| Defendant and Appellant. | |

Defendant Devron Evans pleaded no contest to evading an officer, causing serious bodily injury, and possession of cocaine while armed with a firearm, and admitted enhancements for a strike, a prior serious felony, and personally inflicting great bodily injury.  The plea agreement established a maximum state prison term of 20 years, and the trial court imposed the 20-year maximum term allowed under the plea.

On appeal, defendant contends he should be permitted to withdraw the plea because his sentence was unauthorized and he was deprived of effective assistance of

counsel. The Attorney General asserts the trial court failed to impose a mandatory court security fee and a mandatory court facilities assessment. We shall remand for imposition of the mandatory fee and assessment and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Crime

On July 4, 2012, at around 7:45 p.m., a California Highway Patrol officer initiated a traffic stop on defendant's car for speeding at the junction of Highway 99 and Highway 50. Defendant came to a stop and then accelerated away at a high rate of speed. The highway patrol officer activated his light and siren and pursued defendant.

Defendant reached around 120 miles per hour as he drove down Highway 50. At some point during the pursuit, he handed a bag of cocaine and a handgun to his passenger, D.M. Defendant exited at the Bradshaw off-ramp at about 100 miles per hour. His car struck a GMC Yukon carrying four people, Susan T., Shane T., Riley T., and Vina K. Susan T., the driver of the Yukon, had fractured ribs and pain in her neck and left leg. Shane T. suffered injuries and had pain in his body and chest area. Eight-year-old Riley T. had pain in his stomach, and 65-year-old Vina K. had fractured ribs. D.M. was unconscious at the scene and sustained multiple fractures and lacerations to her face.

Defendant's blood tested positive for THC.

### The Plea

Defendant was charged with evading an officer, causing serious bodily injury to D.M. (Veh. Code, § 2800.3—count one), possession of cocaine while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)—count two), and felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)—count three).[1] The information also alleged three personal infliction of great bodily injury enhancements as to count one

_____

[1] Undesignated statutory references are to the Penal Code.

2

(§ 12022.7, subd. (a)), with Susan T., Riley T., and Vina K. as the victims, as well as strike and serious felony allegations (§§ 1170.12, 667, subd. (a)).

In a demurrer to the complaint, the defense asserted that defendant could not be charged with multiple great bodily injury enhancements for a single crime, citing *People v. Beltran* (2000) 82 Cal.App.4th 693 (*Beltran*).

The plea agreement was for defendant to plead no contest to counts one and two and admit one great bodily injury enhancement along with the strike and serious felony allegations in exchange for a 20-year lid and dismissal of the remaining charges and allegations. During the plea colloquy, the trial court advised defendant, "If you went to trial on all the charges, the max you would face is 30, but you're just pleading to two of the offenses and admitting the prior as well as a great bodily injury enhancement." Defendant stated that he understood the trial court's statement.

Defendant did not later move to withdraw the plea and did not object to his sentence at time of sentencing. His request for a certificate of probable cause was granted.

## DISCUSSION

### I. Unauthorized Sentence

Defendant contends his sentence is unauthorized because the personal infliction of great bodily injury enhancement (§ 12022.7, subd. (a)) could not be imposed for evading an officer, causing serious bodily injury. He argues that this, along with counsel's failure to advise him of his actual exposure if he went to trial, warrants remanding the case with instructions to allow defendant to withdraw his plea.

Section 12022.7, subdivision (a) provides for a three-year enhancement for "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony . . . ." However, "[t]his section shall

3

not apply to murder or manslaughter or a violation of Section 451 or 452.  Subdivisions (a), (b), (c), and (d) shall not apply if infliction of great bodily injury is an element of the offense."  (§ 12022.7, subd. (g).)

Five people were injured when defendant's car struck the GMC Yukon—his passenger D.M., and the four occupants of the Yukon, Susan T., Riley T., Shane T., and Vina K.  The People charged defendant with a single count of felony evasion resulting in serious bodily injury, listing D.M. as the victim, and then alleged three great bodily injury enhancements with three of the remaining victims as the victims.

Defendant relies on *Beltran*, which held that the phrase "serious bodily injury" used in Vehicle Code section 2800.3 has the same meaning as great bodily injury in Penal Code section 12022.7 and therefore the enhancement cannot be applied to Vehicle Code section 2800.3.[2]  (*Beltran*, *supra*, 82 Cal.App.4th at pp. 696-697.)  In his reply brief defendant additionally notes that *Beltran* was cited with approval by the California Supreme Court in a case decided after the Attorney General's respondent's brief:  *People v. Cook* (2015) 60 Cal.4th 922 (*Cook*).  In *Cook*, a case which involved manslaughter with multiple victims, the Supreme Court held "that subdivision (g) of [Penal Code] section 12022.7 means what it says:  Great bodily injury enhancements do not apply to a conviction for murder or manslaughter.  A defendant convicted of murder or manslaughter who also commits crimes against other victims may be convicted of those additional crimes and, to the extent the sentencing laws permit, punished separately for

---

[2]  Vehicle Code section 2800.3, subdivision (a) states:  "Whenever willful flight or attempt to elude a pursuing peace officer in violation of [Vehicle Code] Section 2800.1 proximately causes serious bodily injury to any person, the person driving the pursued vehicle, upon conviction, shall be punished by imprisonment in the state prison for three, five, or seven years, by imprisonment in a county jail for not more than one year, or by a fine of not less than two thousand dollars ($2,000) nor more than ten thousand dollars ($10,000), or by both that fine and imprisonment."

them. But the sentence for manslaughter may not be enhanced for the infliction of great bodily injury as to anyone." (*Cook*, *supra*, 60 Cal.4th at p. 924 .) The Supreme Court went on to cite *Beltran* with approval and disapproved several cases that disagreed with *Beltran*, and allowed the imposition of section 12022.7 enhancements for victims other than the victim in the charged offense. (*Cook, supra*, at pp. 935, 939, disapproving *People v. Julian* (2011) 198 Cal.App.4th 1524, *People v. Weaver* (2007) 149 Cal.App.4th 1301, and *People v. Verlinde* (2002) 100 Cal.App.4th 1146.)

From this, defendant concludes that he should be allowed to withdraw his plea because it contains an unauthorized sentence, the section 12022.7 enhancement. He additionally argues that he should be allowed to withdraw his plea because counsel was ineffective for failing to object to his unauthorized sentence at sentencing and for failing to correct the trial court's misadvisement that he was subject to a possible 30-year prison term if he went to trial.

In *People v. Hester* (2000) 22 Cal.4th 290 (*Hester*), the Supreme Court explained, "[W]here the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*Id*. at p. 295.)

Hence, the defendant in *Hester* was precluded from challenging the trial court's erroneous failure to stay execution of a sentence under section 654, even though the court thereby acted in excess of its jurisdiction and imposed an unauthorized sentence, and even though section 654 claims generally are not waived by a failure to object in the trial court. (*Hester*, *supra*, 22 Cal.4th at pp. 294-295.)

5

Numerous decisions of this court have applied the policy discussed in *Hester* to bar challenges to a broad range of sentencing errors. (See, e.g., *People v. Beebe* (1989) 216 Cal.App.3d 927, 930-932 [trial court exceeded its jurisdiction by approving a plea permitting reduction of a "straight felony" to a misdemeanor on successful completion of probation, but defendant estopped from withdrawing the plea]; *People v. Ellis* (1987) 195 Cal.App.3d 334, 342-343, 347 [defendant estopped to attack her admission of, and the trial court's imposition of sentence upon, a prior serious felony, even though imposing the enhancement was an unlawful act in excess of court's jurisdiction]; *People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1551-1552 [having received the benefit of his bargain, defendant waived objection to erroneous imposition of great bodily injury enhancement].)

Other Courts of Appeal have also applied the policy in various contexts. (See, e.g., *People v. Couch* (1996) 48 Cal.App.4th 1053, 1058 [defendant estopped from challenging sentence because he agreed to accept it and thereby waived alleged errors, including ex post facto claim that he was not subject to the three strikes law because it was not in effect at the time of his current offense]; *People v. Nguyen* (1993) 13 Cal.App.4th 114, 122-123 [defendant waived error in computation of sentence, which is within the court's fundamental jurisdiction and which does not exceed the terms of the plea bargain]; *People v. Jones* (1989) 210 Cal.App.3d 124, 136-137 [defendant estopped from challenging the erroneous imposition of a second five-year enhancement under section 667, subdivision (a)].)

Defendant's sentence falls within this estoppel policy. Although it was a lid rather than a specified sentence, defendant's ultimate sentence, which included the section 12022.7 enhancement, was part of a plea agreement. Even assuming that the trial court should have followed *Beltran* rather than the contrary cases, which were still valid at the time of the plea and sentencing, the sentence was no more than an excess of the court's

jurisdiction. As explained in *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Id*. at p. 288.) Defendant's admission of the great bodily injury enhancement and subsequent sentence does not involve such fundamental matters. Since the trial court retained fundamental jurisdiction, defendant cannot challenge the validity of his bargained-for sentence.

At the same time, "[i]t is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea." (*In re Alvernaz* (1992) 2 Cal.4th 924, 934.) Where, as here, a defendant contends that ineffective assistance of counsel induced his no contest plea, he or she must "establish not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, the defendant would not have pleaded guilty and would have insisted on proceeding to trial." (*Ibid*.)

More specifically, this involves a showing that "(1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; *and* (2) counsel's deficient performance subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*In re Alvernaz*, *supra*, 2 Cal.4th at pp. 936-937.)

If the great bodily injury enhancements could apply to defendant, he faced a maximum term of 30 years if he went to trial: an upper term of seven years for the evading count (count one), doubled for the strike, nine years for the three section 12022.7 enhancements, five years for the prior serious felony, and two years for possession of cocaine with a firearm (count two), with the sentence for felon in possession of a firearm

7

(count three) stayed pursuant to section 654.  Defendant asserts trial counsel should have understood the great bodily injury enhancements were inapplicable, reducing his maximum exposure of going to trial to a 21-year term.  He additionally claims that counsel was also ineffective in failing to object to the unauthorized sentence.

The ineffective assistance claim is predicated on the inapplicability of the great bodily injury enhancement being clear at the time of the plea and sentencing.  This was not the case.  When defendant gave his plea and was sentenced, there was a split of authority over whether section 12022.7, subdivision (g) prevented imposition of the great bodily injury enhancement as to victims other than the victim of the charged offense.  As we have already discussed, while *Beltran* held that the enhancement did not apply in this situation, the three cases holding to the contrary (see *People v. Julian*, *supra*, 198 Cal.App.4th at p. 1530, *People v. Weaver*, *supra*, 149 Cal.App.4th at pp. 1330-1331, and *People v. Verlinde*, *supra*, 100 Cal.App.4th at p. 1168), were still valid at the time of the plea and at sentencing.[3]

"An attorney is not required to be clairvoyant.  As a matter of common sense, an attorney is not required to raise an argument based on an as-yet-to-be-filed opinion." (*In re Richardson* (2011) 196 Cal.App.4th 647, 661-662.)  Defense counsel was aware of *Beltran* and the contrary authority.  It was not substandard representation for trial counsel to conclude that the three more recent decisions governed rather than *Beltran*.[4]  Since

---

[3] Defendant entered his no contest plea on July 23, 2013, and was sentenced on September 20, 2013.  The Supreme Court decided *Cook* on February 5, 2015.  (*Cook*, *supra*, 60 Cal.4th 922.)

[4] This is particularly true where, as here, defense counsel filed a demurrer to the great bodily injury enhancements based on *Beltran*.  Although the record contains no reference to the result of the demurrer, defendant's plea demonstrates that the demurrer was unsuccessful.

8

counsel's representation was not substandard, defendant has no cause to withdraw his plea.

## II.  Mandatory Fee and Assessment

The Attorney General contends the trial court failed to include the mandatory Penal Code section 1465.8 court security fee and the mandatory Government Code section 70373 court facilities assessment.

The fee and assessment are both mandatory.  (*People v. Alford* (2007) 42 Cal.4th 749, 752; *People v. Woods* (2010) 191 Cal.App.4th 269, 272.)  Since the fee and assessment are subject to various penalties and assessments that are particular to each county, we shall remand for the trial court to impose them.

## DISPOSITION

The case is remanded for the trial court to impose the court security fee (Pen. Code, § 1465.8) and court facilities assessment (Gov. Code, § 70373) and all required penalties, fees, and assessments.  As so modified, the judgment is affirmed.  The trial court is further directed to prepare an amended abstract of judgment reflecting the court fee and court facilities assessment and to forward a certified copy to the Department of Corrections and Rehabilitation.

                                                   BUTZ              , J.

We concur:



      RAYE             , P. J.



      RENNER          , J.