[No. F009949. Fifth Dist. May 4, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
CLIFFORD HAROLD JONES, Defendant and Appellant.

126

**COUNSEL**

Harvey R. Zall, State Public Defender, and J. Robert Spangler, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, J. Robert Jibson and Raymond L. Brosterhous, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PETTITT, J.\*—**

### STATEMENT OF THE CASE AND PROCEEDINGS BELOW

Appellant Clifford Harold Jones was charged by information No. 349633-8 filed June 26, 1986, with one count of robbery (Pen. Code, § 211,[1] count I), one count of kidnapping with intent to commit robbery (§ 209, subd. (b), count II), and two counts of robbery committed within a residence (§§ 211/213.5, counts III and IV). The information also alleged a section 12022.5[2] personal use of a firearm enhancement and a section 12022, subdivision (a)[3] "armed with a firearm" enhancement for each of the four counts. Further, the information alleged a prior serious felony conviction enhancement (§ 667, subd. (a)[4] and § 1192.7, subd. (c)(19)).[5] Appellant

---

\* Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Section 12022.5, subdivision (a) reads as follows: "Except as provided in subdivisions (b) and (c), any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for two years, unless use of a firearm is an element of the offense of which he or she was convicted."

[3] Section 12022, subdivision (a) reads as follows: "Except as provided in subdivisions (b) and (c), any person who is armed with a firearm in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of one year, unless such arming is an element of the offense of which he or she was convicted. . . ."

[4] Section 667, subdivision (a) reads as follows: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

[5] Applicable portions of section 1192.7, read as follows: "(a) Plea bargaining in any case in which the indictment or information charges any serious felony . . . is prohibited, unless there is insufficient evidence to prove the people's case, or testimony of a material witness

pleaded not guilty to all four counts and denied the enhancement and prior conviction allegations at his arraignment on July 7, 1986.

On August 6, 1986, appellant was convicted of various crimes by a Fresno County jury in a separate unrelated proceeding (information No. 343992-4). In that separate proceeding, appellant was convicted of attempted murder (§§ 664/187), attempted robbery (§§ 664/211), and assault while armed with a firearm (§ 245, subd. (a)(2)) along with enhancements.

The trial court in the August 6 proceeding involving information No. 343992-4 sentenced appellant as follows: The trial court designated the attempted murder charge as the principal term (see § 1170.1)[6] and sentenced appellant to the upper term of nine years. In addition, a one-year section 12022, subdivision (a) enhancement was added to the sections 664/187 term. The trial court imposed a consecutive eight-month term on appellant for the attempted robbery conviction (a subordinate term of one-third of the middle term of four years.[7] The sentence for the section 245, subdivision (a)(2) conviction was stayed. Additionally, the trial court in the August 6 proceeding imposed a five-year section 667, subdivision (a) en-

cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence.

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(c) As used in this section, 'serious felony' means any of the following: [¶] . . . (19) robbery or bank robbery; . . ."

[6] Section 1170.1, subdivision (a) reads as follows: "Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1, and pursuant to Section 11370.2 of the Health and Safety Code. *The principal term* shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 667.8, 667.85, 12022, 12022.2, 12022.3, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, 12022.8, or 12022.9 and an enhancement imposed pursuant to Section 11370.4 or 11379.8 of the Health and Safety Code. *The subordinate term* for each consecutive offense which *is not a 'violent felony'* as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years. *The subordinate term* for each consecutive offense which *is a 'violent felony'* as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) or (9) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall inclu de one-third of any enhancements imposed pursuant to Section 667.8, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.7, 12022.75, or 12022.9." (Italics added.)

[7] See footnote 5, *ante.*

hancement for a prior serious felony conviction. The sum of the terms imposed in the August 6 sentencing totaled 15 years and 8 months.

On November 2, 1987, in the case now before this court, appellant, pursuant to rule 440 of California Rules of Court, changed his plea to guilty as to counts I, III and IV. The count II charge of section 209, subdivision (b) was reduced to a section 207 charge[8] in exchange for a section 207 guilty plea. Appellant also admitted that he used a firearm within the meaning of section 12022.5 during the commission of all four counts. Appellant further admitted to the prior serious felony conviction within the meaning of section 667, subdivision (a).

In exchange for appellant's guilty plea, the trial court agreed to a sentence limit of 12 years and 4 months. The term for the August 6 sections 644/187 conviction was to remain as the primary term, with all terms of sentence in the instant proceedings to be subordinate terms. More specifically, the trial court agreed to the following sentence: One year for the section 211 charge (one-third of the middle term of three years), one year and eight months for the section 207 charge (one-third of the middle term of five years), and one year and four months for each of the sections 211/213.5 charges (one-third of the middle term of four years). In addition, the court was to impose a two-year enhancement under section 12022.5 for use of a firearm, allocated between counts II, III and IV.

As part of the plea agreement, appellant also agreed to allow the court to impose an additional five-year term under section 667, subdivision (a). This five-year section 667, subdivision (a) enhancement is in addition to the five-year section 667, subdivision (a) enhancement imposed by the trial court during the August 6 sentencing in action No. 343992-4, and is based on the same prior serious felony conviction. The trial court in the instant case explained the consequences of his agreement to appellant as follows:

"THE COURT: Okay. There's one other term that I want to make sure you understand. And that is the waiver of an appeal right. Now that is the waiver of an appeal right not as to the Kern charges and not as to the other Fresno charges. It is as to one aspect of this case. That has to do with the prior conviction. It is the alleged first prior felony conviction. It is what we call a serious felony conviction for robbery and it carries a five-year term. On the Fresno County charges, if I understand correctly, you were sentenced on that. This involves transactions that were separate and apart from that. It is under a separate case. And *in this case you will also be sentenced to*

---

[8] The punishment for a section 207 offense is three, five or eight years (see § 208, subd. (a)), whereas the punishment for a section 209, subdivision (b) offense is imprisonment in state prison for life with possibility of parole (§ 209).

*five years on that by your agreement.* So in effect what will happen is when you get through serving the 5 years on the attempted murder conviction where you got 15 years—I'm sure you remember that—

"The Defendant: Yeah.

"The Court: Okay. When you get through serving the five years on that prior serious felony for that charge, you're going to then start serving the time for these charges, and included in that is going to be five years for that prior serious felony. So *in effect you're serving ten years for that in the cumulative total of time that you're serving. But you are doing it on different charges.* And I'm not going to kid you. There is a question as to whether or not that can or can't be done. But you are agreeing as a term and condition of this plea agreement that you will waive—which means to give up—your right to appeal that issue and *you are prepared to accept those additional five years in exchange for the plea agreement that allows you not to have to confront a life imprisonment term.* Do you understand?

"The Defendant: Yeah, I understand.

"The Court: Okay. That's the—those are the terms and conditions of your plea agreement. Do you understand?

"The Defendant: Yeah, I understand." (Italics added.)

On December 28, 1987, appellant filed a motion to withdraw his pleas of guilty and enhancement admissions. On February 10, 1988, his motion was denied. Also on February 10, 1988, appellant was sentenced according to the plea agreement.

## Issues

I.   *Whether the trial court erred in imposing a section 667, subdivision (a) enhancement to appellant's sentence even though section 667, subdivision (a) was not included in section 1170.1, subdivision (a) at the time of the commission of the crimes.*

II.   *Whether the court may impose a second section 667, subdivision (a) enhancement as part of a plea bargain.*

A.   *Whether an agreement by a defendant to a modification in statutory sentencing restrictions is valid.*

B.   *Whether the court's action in imposing a second section 667, subdivision (a) enhancement was invalid due to a lack of jurisdiction.*

## Discussion

### I. *Imposition of section 667, subdivision (a) enhancement was permissible.*

Section 667, subdivision (a) enables a trial court to impose a five-year sentence enhancement on anyone previously convicted of a serious felony.[9]

Section 1170.1, subdivision (a) sets forth provisions governing consecutive sentences for the convictions of the same person for two or more felonies.[10] Specifically, the statute states that ". . . when any person is convicted of two or more felonies, . . . and a consecutive term of imprisonment is imposed . . . the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1 . . . ." At the time appellant committed the subject robberies and kidnapping, section 667 was not included in section 1170.1, subdivision (a). It was subsequently added by the Legislature in Statutes 1987, chapter 1423, section 3.7, pages 311-313, which became effective January 1, 1988.

█ Appellant contends that since section 667 was not included as a possible enhancement in section 1170.1 at the time of the crimes, the trial court was not authorized to impose section 667, subdivision (a) enhancements on the sentence of the appellant. We note that at the time of sentence, section 667, subdivision (a) was included in section 1170.1.

Appellant cites as authority for this contention several cases which stand for the proposition that where a particular provision has been excluded from a statute, the Legislature has consciously chosen not to include that provision in the statute. Appellant argues that since section 1170.1 did not include mention of section 667 at the time the crimes were committed, the Legislature intended at that time that section 667, subdivision (a) enhancements of sentence not be applicable in situations where a person is sentenced to consecutive terms for two or more felonies. This contention is misplaced.

In *People* v. *Hernandez* (1988) 204 Cal.App.3d 639 [251 Cal.Rptr. 393],[11] this court addressed the same issue. In that case, the defendant contended that the omission of any mention of section 667 in section 1170.1 at the time of defendant's sentencing prevented the trial court from imposing section

---

[9] See footnote 4, *ante.*

[10] See footnote 6, *ante.*

[11] Review of this case was denied by the Supreme Court on December 1, 1988.

667, subdivision (a) five-year enhancements. In the *Hernandez* decision, this court held that the failure to amend section 1170.1, subdivision (a) to refer to section 667 when section 667 was enacted by voter initiative in 1982 was "a draftsman's oversight." (*People v. Hernandez, supra,* 204 Cal.App.3d 639, 659.)

The *Hernandez* holding is based on the conclusion that the defendant's proposed interpretation would conflict with the "without limitation" language of article I, section 28, subdivision (f) of the California Constitution which states that "[a]ny prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." (*People v. Hernandez, supra,* 204 Cal.App.3d 639, 657.)

The subject case involves the same issue which was raised in *People v. Hernandez, supra,* 204 Cal.App.3d 639, 657. We follow the precedent set in that case and conclude that the trial court did not err in applying section 667, subdivision (a) enhancements to appellant's sentence.

II. *The trial court may impose a second section 667, subdivision (a) enhancement as a bargained-for term of a plea agreement.*

A. *An agreement by a defendant to a modification in sentencing restrictions is enforceable under certain circumstances.*

■ In *People v. Tassell* (1984) 36 Cal.3d 77, 91 [201 Cal.Rptr. 567, 679 P.2d 1], the Supreme Court concluded that, under section 1170.1, subdivision (a), enhancements for prior convictions "are to be added just once as a component of the aggregate term."

However, respondent contends that in a plea bargaining situation, a defendant may waive the prohibition against a "double use" of prior conviction enhancements under section 1170.1, subdivision (a) and agree to the imposition of more than one section 667, subdivision (a) enhancement as a bargained-for term of the agreement. Respondent's contention is correct.

As authority for respondent's position, respondent cites *People v. Otterstein* (1987) 189 Cal.App.3d 1548 [235 Cal.Rptr. 108], a case recently decided by the Third District. The holding in the *Otterstein* case may be summarized as follows: Where a sentencing statute is enacted for the benefit of a class of criminal defendants, and a member of that class knowingly and intelligently waives the provisions of the statute during a plea bargaining session, and where the defendant will receive a substantial benefit in ex-

change for his plea, the defendant may agree to a modification of such statutory sentencing restriction.

In the *Otterstein* case, pursuant to a plea bargain, the defendant was sentenced to a midterm of three years for battery with serious bodily injury (§ 243, subd. (d)). The defendant was also sentenced to a three-year enhancement under section 12022.7.[12] Section 12022.7 provides for an additional three-year term for one who personally inflicts great bodily injury on another during the commission of a felony. However, section 12022.7 precludes the three-year enhancement where bodily injury is an element of the underlying offense. The appellant in the *Otterstein* case contended that since one element of the underlying section 243, subdivision (d) offense is bodily injury, the trial court erred in imposing the three-year bodily injury enhancement to the section 243, subdivision (d) sentence.

In holding that the defendant waived any objection to the imposition of the section 12022.7 enhancement, the *Otterstein* court reasoned that where a defendant has received the benefit of a plea bargain, i.e., an avoidance of "the possibility of an even greater liability," the defendant cannot come back and renege on his side of the bargain by challenging the very terms to which he agreed. (*People* v. *Otterstein, supra,* 189 Cal.App.3d 1548, 1550-1551.) The court further reasoned that where a statute is enacted for the benefit of a class of defendants, a defendant who falls into that class may waive the benefit so conferred upon him if he does so in a knowing and intelligent manner. (*Id.* at pp. 1551-1552.)

█ In the instant case, under the provisions of section 1170.1, subdivision (a), the trial court would normally be limited to the imposition of one section 667, subdivision (a) enhancement as a component of the aggregate consecutive term imposed on appellant. However, during the change of plea proceedings on November 2, 1987, appellant entered into a plea agreement under which he was allowed to plead guilty to the lesser charge of section 207 kidnapping rather than the more serious section 209, subdivision (b) kidnapping charge—kidnapping for the purpose of robbery. After being advised by the court of the significance of his plea, the appellant agreed to the imposition of a second section 667, subdivision (a) enhancement as part of a combined sentence which totaled 12 years and 4 months. In exchange, the trial court agreed to accept a guilty plea to the lesser charge on count II.

---

[12] Section 12022.7 reads in part as follows: "Any person who, with the intent to inflict such injury, personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he is convicted."

A conviction on section 209, subdivision (b) carries the punishment of a life sentence in state prison with the possibility of parole, whereas, the conviction of a section 207 charge carries a term of three, five or eight years. The appellant in this case received a substantial benefit in exchange for his guilty plea.

Furthermore, since section 1170.1, subdivision (a) was enacted as part of a scheme to protect defendants from sentences out of proportion to the crime committed,[13] and appellant falls into the appropriate class of protected defendants, appellant is therefore a beneficiary of the statute. As a result, appellant had a right to waive the benefit conferred upon him, as long as he did so in an intelligent and knowing manner. The record indicates that the court explained to the appellant the consequences of his plea agreement, including the section 667, subdivision (a) enhancement. After a lengthy discussion with the court and with his attorney, appellant agreed to the plea bargain arrangement, thus effectively waiving his right to be protected from the "double use" of a prior conviction enhancement under section 667, subdivision (a).

In summary, appellant falls into the category of defendants for which section 667, subdivision (a) was enacted. Appellant has gained a substantial benefit from the plea agreement. Appellant agreed to the imposition of a second section 667, subdivision (a) enhancement in a knowing and intelligent manner. Therefore, it must be concluded that appellant waived his right to later challenge the imposition of the second section 667, subdivision (a) enhancement. His agreement to the modification of the statutory sentencing restriction is therefore enforceable.

B. *Since the court acted merely "in excess of its jurisdiction," appellant's agreement estopped him from challenging such action.*

1. *Distinction between fundamental jurisdiction and "in excess of jurisdiction."*

Appellant makes the further contention that the trial court was without jurisdiction to include a second section 667, subdivision (a) en-

---

[13] Section 1170, subdivision (a)(1) reads as follows: "The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances. The Legislature further finds and declares that the elimination of disparity and the provision of uniformity of sentences can best be achieved by determinate sentences fixed by statute in proportion to the seriousness of the offense as determined by the Legislature to be imposed by the court with specified discretion."

hancement as a component of the aggregate sentence imposed on appellant. Appellant's contention has no basis. ■ Appellant is apparently confusing the two concepts of subject matter or "fundamental jurisdiction" and "acts in excess of jurisdiction."

The court in *People* v. *Ellis* (1987) 195 Cal.App.3d 334 [240 Cal.Rptr. 708] at page 343 succinctly summarized the distinction between these two concepts as "the difference between an act of a trial court undertaken without 'jurisdiction in the fundamental sense' (a complete absence of authority with respect to the subject of the dispute) and an act undertaken 'in excess of jurisdiction, i.e. beyond statutory authority.'" The court in *People* v. *Garrett* (1987) 192 Cal.App.3d 41 at pages 46-47 [237 Cal.Rptr. 305], included an even stronger definition of "fundamental jurisdiction." "'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 . . . .)"

■ It is clear, in applying these definitions to the instant case, that the lack of jurisdiction in this case is of the "excess of jurisdiction" variety. One would certainly not characterize the trial court in this case as having an "entire absence of power to hear or determine the case" or "an absence of authority over the subject matter or the parties." The more appropriate characterization of the trial court's actions in imposing a second section 667, subdivision (a) enhancement would be "an act undertaken beyond statutory authority."

Authority for this conclusion may be found in *People* v. *Ellis, supra,* 195 Cal.App.3d 334, in which the appellant complained that a section 667, subdivision (a) enhancement was erroneously imposed on her as a term of a plea bargain since the prior conviction on which the enhancement was based did not comply with the statutory requirement that any offense which was not a California offense must contain all the elements of a comparable California offense.[14] The appellate court characterized the trial court's actions as being "in excess of statutory authority," and therefore concluded that the trial court was merely acting in excess of jurisdiction, thus acknowledging that the court had fundamental jurisdiction over the subject matter and the parties.

---

[14] See the text of section 667, subdivision (a) in footnote 4, *ante.*

## 2. A defendant's consent to court action "in excess of its jurisdiction" may estop the defendant from later challenging the court's jurisdiction.

■ While it is true that where a court has no fundamental jurisdiction whatsoever, the parties cannot agree to invest the court with jurisdiction in regards to any particular matter (*In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625]), such is not the case where the court has merely acted in excess of its statutory powers in a situation where it already has fundamental jurisdiction. (See prior discussion, *ante*.) Where a court is merely acting in excess of its jurisdiction, the defendant who agrees to such actions may be estopped later from challenging the court's actions on jurisdictional grounds.

The court in *Ellis* states that "where fundamental jurisdiction [is] lacking, it [can]not be conferred by consent or estoppel, whereas consent or estoppel [can] supply jurisdiction for an act undertaken by the trial court merely in excess of its statutory power." (*People v. Ellis, supra,* 195 Cal.App.3d 334, 343.) More specifically, the Supreme Court in *In re Griffin, supra,* 67 Cal.2d 343, 347, states as follows: "When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction." On the question of when estoppel is appropriate, the court in *Ellis* stated that " '[w]hether [a defendant] shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when "To hold otherwise would permit the parties to trifle with the courts." (*City of Los Angeles v. Cole* (1946) *supra,* 28 Cal.2d 509, 515.)' " (*People v. Ellis, supra,* 195 Cal.App.3d 334, 343, quoting *In re Griffin, supra,* 67 Cal.2d 343, 348.)

■ The facts of the instant case indicate that appellant was "trifling with the courts." Appellant agreed to a plea bargain under which he also agreed to a second section 667, subdivision (a) enhancement. In exchange, appellant was promised that he would receive no more than a 12-year and 4-month sentence. This was much better than the possibility of life in prison with possibility of parole, which appellant would have received had he been convicted of section 209, subdivision (b), kidnapping for the purpose of robbery. Yet, appellant, after receiving the benefit of his agreement now challenges the very terms of the bargain which he had previously agreed to, and which he had benefitted from.

The trial court in this instance was merely acting "in excess of its jurisdiction." Appellant agreed to the trial court's action as part of the plea bar-

gain. The appellant, therefore, is estopped from challenging the trial court's jurisdiction since the facts indicate that the appellant was "trifling with the courts." The judgment is affirmed.

Franson, P. J., and Stone (W. A.), J., concurred.

Appellant's petition for review by the Supreme Court was denied August 17, 1989.