Filed 4/19/21  P. v. Tannenbaum CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOSHUA TANNENBAUM,<br><br>        Defendant and Appellant. | C085067<br><br>(Super. Ct. No. CRF124131) |

This case involves the sentences imposed on seven criminal cases involving crimes defendant Joshua Tannenbaum committed in five counties:  Yolo, Butte, Shasta, San Joaquin, and Glenn.  The Yolo County Superior Court was the final sentencing court. After adjudication of the other cases, the Yolo County Superior Court resentenced defendant Joshua Tannenbaum.  In that resentencing, the court corrected an earlier sentencing error it had made, and imposed consecutive sentences on the other convictions as well as the Yolo County matter, for an aggregate term of nine years.

1

On appeal, defendant contends the Yolo County Superior Court erred in imposing consecutive sentences because, by operation of law, the Glenn County Superior Court's silence on the matter made all the previously imposed terms from Butte, Shasta and San Joaquin counties concurrent and a subsequent sentencing court could not alter a previous court's discretionary sentencing choices. Alternatively, defendant contends the Yolo County Superior Court should have imposed concurrent terms on the Glenn County convictions. We conclude defendant is not entitled to concurrent sentences on the prior cases in Butte, Shasta, and San Joaquin counties. We further conclude defendant's plea agreement in the Glenn County case forecloses his claim that he is entitled to a concurrent term as to one of those convictions. As to the other Glenn County felony conviction, although there was an irregularity we discuss *post*, defendant was sentenced to a concurrent term.

There is a clerical error in the abstract of judgment. We direct correction of the abstract and affirm.

## PROCEDURAL BACKGROUND[1]

### Proceedings in Yolo County

In October 2012, defendant was charged in Yolo County case No. CRF124131, with three counts of theft or unauthorized use of vehicle (Veh. Code, § 10851, subd. (a); counts 1, 2 & 3), and one count of receiving a stolen vehicle, trailer, motorized vessel or special construction equipment (§ 496d, subd. (a); count 4). The complaint also alleged that defendant had a previous conviction for vehicle, trailer or construction equipment theft (§ 666.5, subd. (a)), and four prior prison terms (§ 667.5, subd. (b)).

---

[1] The facts underlying the various convictions are not relevant to any issue raised on appeal.

## Proceedings in Shasta County

Before the Yolo County case could be adjudicated, defendant pleaded guilty in May 2014 in Shasta County to felony vandalism (§ 594, subd. (b)(1)) in case No. N12F5944 and attempted residential burglary (§§ 664/459) in case No. N13F1271.  He also admitted a prior prison term (§ 667.5, subd. (b)) in case No. N13F1271.  The Shasta County Superior Court sentenced defendant to an aggregate term of three years eight months, consisting of two years plus a consecutive one year for the prior prison term in case No. N12F5944 and a consecutive eight months in case No. N13F1271.

## Proceedings in Butte County

In August 2014, the Butte County Superior Court sentenced defendant to an aggregate term of six years consisting of three years in Butte County case No. NCM036782, a consecutive eight months in Butte County case No. NCM037189, a consecutive one year eight months in Shasta County case No. N12F5944, and a consecutive eight months in Shasta County case No. N13F1271.

## Proceedings in Yolo County

In December 2014, in Yolo County case No. CRF124131, pursuant to a plea bargain, defendant pleaded no contest to one count of vehicle theft and admitted the prior vehicle theft allegation (Veh. Code, § 10851, subd. (a)/§ 666.5).  In exchange, the Yolo County Superior Court sentenced him to an aggregate term of seven years in state prison, consisting of one year on the Yolo County case, consecutive to his current terms of three years in Butte County case No. NCM036782, eight months in Butte County case No. NCM037189, one year eight months in Shasta County case No. N12F5944, and eight months in Shasta County case No. N13F1271.[2]

---

[2]  The probation presentencing memorandum noted that defendant had charges pending in Glenn County case No. 13NCR09827 for evading police (Veh. Code, § 2800.2, subd. (a)), receiving a stolen vehicle, trailer, motorized vessel or special construction

3

### Proceedings in Butte County

In January 2015, defendant filed a motion for Proposition 47 resentencing in Butte County case No. NCM036782, as to the Health and Safety Code section 11377, subdivision (a) conviction.  In February 2015, the Butte County Superior Court granted the motion, reduced that conviction to a misdemeanor, and resentenced defendant to a three-year term on the vehicle theft conviction in case No. NCM037189.

### Proceedings in San Joaquin County

In September 2015, defendant pleaded guilty to manufacturing a weapon while in prison custody (§ 4502, subd. (b)) in San Joaquin County case No. SF131946.  The San Joaquin County Superior Court sentenced defendant to a midterm sentence of two years in state prison, to be served consecutively to all his other sentences.

### Proceedings in Yolo County

In February 2016, the Yolo County Superior Court sentenced defendant to the negotiated term, less the reduction from the Proposition 47 resentencing in Butte County, and added the San Joaquin County term, but erroneously imposed one-third the midterm consecutive on the prison weapon conviction .  Thus, the court imposed a sentence consisting of three years in Butte County case No. NCM037189 (Veh. Code, § 10851, subd. (a)), one year consecutive in Yolo County case No. CRF124131 (Veh. Code, § 10851, subd. (a)/§ 666.5), eight months consecutive in Shasta County case No. N12F5944 (§ 594, subd. (b)(1)), eight months consecutive in Shasta County case No. N13F1271 (§§ 664/459), eight months consecutive in San Joaquin County case No.

---

equipment (§ 496d, subd. (a)), and misdemeanor driving under the influence (Veh. Code, § 23152, subds. (a) & (b)), with an enhancement for a prior prison term (§ 667.5, subd. (b)).  The memorandum stated the probation department could not prepare a sentencing recommendation in Yolo County case No. CRF124131 until defendant's cases in Butte and Glenn counties were resolved.

SF131946 (§ 4502, subd. (b)), and one year consecutive for a prison prior (§ 667.5, subd. (b)) from Shasta County.

In April 2016, the Legal Processing Unit of the Department of Corrections and Rehabilitation (CDCR) informed the Yolo County Superior Court that the abstract of judgment was in error, in that the mandatory sentence for San Joaquin County prison weapon possession conviction in case No. SF131946 was a full consecutive term, not one-third the midterm. Based on the CDCR's letter, the People moved to recall defendant's sentence and the court did so on May 4, 2016. (§ 1170, subd. (d)(1)).

**Proceedings in Glenn County**

One week later, on May 11, 2016, in Glenn County case No. 13NCR09827, defendant pleaded guilty to evading police (Veh. Code, § 2800.2, subd. (a)), and receiving a stolen vehicle, motorized vessel or special construction equipment (§ 496d, subd. (a)). Page one of the plea form indicated defendant was initially to be sentenced to 16 months,[3] but "when resentenced, 1/3 midterm, 8 months consec." Under "Other Terms," on page two, the plea form also stated, "DA recommends low term 16 months consecutive to any other sentence, when resentenced on pending sentencing DA recommends 1/3 midterm consec, 8 months. DA dismisses prison priors. Stipulated sentence per page 1." The Glenn County Superior Court sentenced defendant to the low term of 16 months on the Vehicle Code section 2800.2, subdivision (a) conviction, but did not impose any sentence on the receiving a stolen vehicle conviction. The abstract of judgment makes no reference to any of defendant's other cases.

**Proceedings in Yolo County**

Between August 2016 and May 2017, there were multiple continuances and delays of the Yolo County resentencing. On June 22, 2017, the Yolo County Superior Court

---

[3] The plea form refers to this sentence as 1 year 4 months.

5

sentenced defendant to an aggregate term of nine years in prison, calculated as follows: three years in Butte County case No. NCM037189 (Veh. Code, § 10851, subd. (a)), designated the principal term; a consecutive one-year term in Yolo County case No. CRF124131 (Veh. Code, § 10851, subd. (a)/§ 666.5, subd. (a)); a consecutive eight-month term in Shasta County case No. N12F5944 (§ 594, subd. (b)(1)); a consecutive eight-month term in Shasta County case No. N13F1271 (§§ 664/459), a full consecutive two-year term in San Joaquin County case No. SF131946 (§ 4502, subd. (b)); a consecutive eight-month term on the Vehicle Code section 2800.2, subdivision (a), conviction, and a concurrent eight-month term on the section 496d, subdivision (a), conviction in Glenn County case No. 13NCR09827; plus one year for the section 667.5, subdivision (b), prison prior from Shasta County.

## DISCUSSION

### I. Imposition of Consecutive Terms

Defendant contends the Yolo County trial court erred by imposing consecutive terms when it resentenced him in June 2017. Specifically, he contends that because Glenn County purportedly did not determine whether his May 11, 2016 sentences would run concurrently or consecutively, by operation of law under section 669, subdivision (b), his prior sentences from Shasta, Butte, San Joaquin and Yolo became concurrent when he was resentenced in Glenn County. He goes on to contend that under California Rules of Court, rule 4.452(3),[4] the Yolo County Superior Court could not then alter this discretionary sentencing choice of Glenn County. We disagree with defendant's analysis.

First, as part of his original negotiated plea agreement in Yolo County, defendant agreed that his sentences in Yolo, Butte, and Shasta counties would run consecutively. Second, according to the Glenn County plea form, he also agreed as part of his Glenn

---

[4] Undesignated rule references are to the California Rules of Court in effect at the time of sentencing.

County plea that "when resentenced," his sentence on the Glenn County conviction would be "1/3 midterm 8 months." Yet, defendant challenges the consecutive sentences imposed here as unauthorized. As our high court has noted, "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that *defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process*." (*People v. Hester* (2000) 22 Cal.4th 290, 295, (*Hester*) third italics added; See also *People v. Couch* (1996) 48 Cal.App.4th 1053, 1057 (*Couch*) [Defendant estopped from challenging a negotiated second strike sentence because he agreed to accept it and thereby waived the alleged errors which he challenged on appeal]; "The fact that a defendant has received a benefit in return for agreeing to accept a specified sentence is itself sufficient to estop that defendant from later seeking to unfairly supplement this benefit by mounting an appellate attack on the trial court's imposition of the specific sentence which the defendant agreed to accept. . . When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain"; *People v. Jones* (1989) 210 Cal.App.3d 124, 132-138 (*Jones*) [Defendant estopped from complaining about dual use of the same five-year section 667, subdivision (a) prior imposed in connection with an earlier case, but later imposed again in resentencing and as part of a negotiated resolution involving a second case, combining to add ten years to the negotiated aggregate term].)

Moreover, the sentence here is not unauthorized; defendant has misinterpreted section 669, subdivision (b). Defendant states: "Section 669 provides that when a trial court fails to determine whether multiple sentences shall run concurrently or

consecutively, the terms shall run concurrently." Defendant's paraphrasing of the statute is misleading. Section 669, subdivision (b), does not operate to make *prior sentences* concurrent when a subsequent court fails to make them consecutive. Rather, section 669, subdivision (b), provides for a "default" of concurrent sentences (*People v. Black* (2007) 41 Cal.4th 799, 822) on *second or subsequent judgments* when the court in the second or subsequent case does not so specify.

Pursuant to subdivision (b) of section 669, the trial court has 60 days to "determine how the term of imprisonment upon the *second or other subsequent judgment* shall run with reference to the prior incompleted term or terms of imprisonment. Upon the failure of the court to determine how the terms of imprisonment on the *second or subsequent judgment* shall run, the term of imprisonment on the *second or subsequent judgment* shall run concurrently." (Italics added.) Here, the decisions to run the earlier imposed terms consecutively were discretionary sentencing choices made by the Butte and Shasta County Superior Court judges. (Rule 4.452(3).) As defendant notes, under rule 4.452(3), discretionary sentencing choices by judges in the previous cases cannot be altered by a judge in a subsequent case.[5] Consequently, the earlier sentences could not be altered by the Glenn County sentencing. In addition, the Glenn County Superior Court could not have run defendant's San Joaquin conviction for violating section 4502, subdivision (b), concurrent, as the Legislature has mandated the imposition of a full consecutive term. (§§ 4502, subd. (b), 1170.1, subd. (c).) Accordingly, defendant is not

_____

[5]  Former rule 4.452(3) provided in pertinent part:  "Discretionary decisions of the judges in the previous cases may not be changed by the judge in the current case.  Such decisions include one of the three authorized terms of imprisonment referred to in section 1170(b) [the triad terms], making counts in prior cases concurrent with or consecutive to each other, or the decision that circumstances in mitigation or in the furtherance of justice justified striking the punishment for an enhancement. . ."  One exception to this rule is where a subsequent court makes a previously imposed principal term a subordinate term to a new principal term.  (Rule 4.452(2).)

entitled to be sentenced to concurrent sentences on the prior cases from Shasta, Butte, and San Joaquin.

## II. Glenn County Sentences

Defendant contends we should remand the matter with directions to the Yolo County Superior Court to impose concurrent terms for the Glenn County convictions. We disagree.

As we have already noted, the Glenn County plea form indicated defendant would be sentenced to eight months (one-third the midterm) on resentencing as part of the negotiated resolution there. He bargained for that sentence, and that is the sentence the Yolo County Superior court imposed. Since it was part of his plea bargain, he cannot now challenge that sentence on appeal. (See *Hester*, *supra*, 22 Cal.4th at p. 295; *Couch*, *supra*, 48 Cal.App.4th 1053, 1057; *Jones, supra,* 210 Cal.App.3d at pp. 132-138.) However, there is an anomaly related to the Glenn County conviction for receiving a stolen vehicle, trailer, motorized vessel or special construction equipment (§ 496d, subd. (a).) Based on the Glenn County plea form, it appears defendant negotiated for no additional time on that conviction, and the abstract of judgment shows the term imposed on the section 496d conviction as being "0" years "0" months.

"The failure to pronounce sentence on a count is an unauthorized sentence and subject to correction on remand. (See *People v. Benton* (1979) 100 Cal.App.3d 92, 102, and cases cited therein.)" (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411, fn. 6.) But because defendant negotiated for and agreed to no sentence on the Glenn County section 496d conviction, it would appear he is entitled to the benefit of his bargain. (See *Hester*, *supra*, 22 Cal.4th at p. 295; *Couch*, *supra*, 48 Cal.App.4th 1053, 1057; *Jones, supra,* 210 Cal.App.3d at pp. 132-138.) And, in any event, under former rule 4.452(3), the Yolo County Superior Court could not alter that sentence to the extent a sentence involving imposition of no punishment could be considered a discretionary decision. Indeed, at the final sentencing in Yolo County, defense counsel argued that the court

9

should not resentence on the Glenn County case at all, or if it did, the sentences had to be concurrent.

However, the Yolo County Superior Court imposed an eight-month sentence (one-third the midterm) *concurrent* on the Glenn County section 496d conviction. We note that this was unauthorized, although neither party to this appeal says anything about it. The one-third the midterm scheme under section 1170.1 applies only when imposing consecutive terms. (§ 1170.1, subd. (a).) When imposing concurrent sentences, a full term must be imposed. "Because concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term[,] not according to the one-third middle term formula." (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3; accord, *People v. Thompson* (2009) 177 Cal.App.4th 1424, 1432, overruled on another ground in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888.)

Nevertheless, the record reflects that the parties agreed to this sentence. At the final sentencing, the Yolo County Superior Court initially stated it would impose a consecutive 8 months, one-third the midterm on the section 469(d) conviction from Glenn County. The prosecutor then stated: "I'm sorry. Your Honor, that would actually be concurrent to the 2800.2 in Glenn County." Defense counsel then stated: "That's correct." Seeking clarification, the court asked: "So the two 8-month terms out of Glenn County are concurrent to each other?" Defense counsel replied: "That's correct." The court then stated: "But the result i[s] eight months is consecutive."

Thus, in the end, defendant got what he requested as to the Glenn County section 496d conviction, a concurrent sentence (or no additional time as reflected in the originally negotiated resolution in Glenn County), even if it appears to have been unauthorized. Nobody is complaining about that sentence, and it would serve no useful purpose to remand this matter to the trial court to impose a full term concurrent term.

10

### III.  Abstract Correction

Defendant pleaded guilty to section 496d(a), receiving a stolen vehicle, trailer, motorized vessel or special construction equipment, in the Glenn County case and was sentenced under that statute.  The last amended abstract lists the offense as "PC 496(D)." Defendant contends the abstract must be corrected and the People agree.  So do we.

### DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to reflect a conviction of section 496d, subdivision (a) in Glenn County case 13NCR09827 and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


            /s/
            MURRAY, J.



We concur:



    /s/
HULL, Acting P. J.



    /s/
DUARTE, J.



11